IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LENNON PRICE,

        Plaintiff,

v.                                                 Case No. 12-1432-CM-DJW

CITY OF WICHITA POLICE
DEPARTMENT OFFICER
MARK McKEE,

        Defendant.

## MEMORANDUM AND ORDER

In this civil rights action under 42 U.S.C. § 1983, Plaintiff alleges that Defendant used excessive force while arresting him on a misdemeanor traffic warrant. This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 9). Plaintiff requests leave to amend his complaint under Fed. R. Civ. P. 15(a) to assert state law claims for excessive-force negligence, and negligent infliction of emotional distress, as well as add allegations supporting these claims. Plaintiff also seeks to add the City of Wichita as a named defendant in the case. Defendant does not oppose the inclusion of Plaintiff's proposed state law claim for negligent infliction of emotional distress, but does oppose Plaintiff's proposed claim for excessive force under a negligence theory.[1] He argues that this proposed claim is futile because the alleged acts do not describe acts or omissions properly characterized as negligence, but rather are properly characterized as intentional torts, and thus barred by the one-year statute of limitations applicable to actions for

---

[1] Defendant does not state whether he opposes the addition of the City of Wichita as a named defendant in this case. Defendant does acknowledge in a footnote to his Response (ECF No. 12) that Plaintiff's proposed First Amended Complaint "includes the City of Wichita as a party defendant under theories of *respondeat superior* related to state claims only."

assault and battery. As explained below, the Court finds that Defendant has failed to meet his burden to establish that it would be futile to allow Plaintiff to amend his complaint to assert a state law negligence claim based on unreasonable use of force by a police officer. Plaintiff's motion is granted.

## I. Relevant Background Facts

Plaintiff alleges that on September 2, 2010, Defendant, a City of Wichita Police Department Officer, while in uniform, arrested him for a misdemeanor traffic warrant. Plaintiff is five feet six inches tall and weighs approximately 150 pounds. Defendant is approximately six feet tall and weighs approximately 225 pounds. Plaintiff alleges that during the course of the arrest, Defendant stomped on the outside of his lower left leg, breaking both his tibia and fibula and leaving it at an unnatural 90 degree angle from the rest of his leg.

Plaintiff filed his complaint in the Sedgwick County District Court on August 31, 2012, asserting a claim under 42 U.S.C. § 1983 against Defendant for excessive force in contravention of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution. Defendant removed the action to federal court on November 16, 2012.

## II. Standard for Allowing Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading "once as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of a responsive pleading or a motion under Fed. R. Civ.

P. 12(b), (e), or (f), whichever is earlier.[2] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[3] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[4] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[5] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[6]

Defendant, as the party asserting futility of amendment, has the burden to establish futility of Plaintiff's proposed amendment.[7] A proposed amendment is futile if the proposed or amended claim would be subject to dismissal.[8] In determining whether a proposed amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[9] In doing so, the court must accept as true

---

[2]Fed. R. Civ. P. 15(a)(1).

[3]Fed. R. Civ. P. 15(a)(2).

[4]*Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[6]*Id.* (quoting *Foman*, 371 U.S. at 182).

[7]*Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

[8]*Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[9]*Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

all well-pleaded factual allegations and view them in the light most favorable to the pleading party.[10] Courts in this District have considered whether the statute of limitations bars the proposed claim in determining whether the proposed amendment is futile.[11]

### III. Plaintiff's Proposed State Law Claim for "Negligence–Use of Force"

Defendant objects to Plaintiff's proposed amendment to add a state law claim for excessive force based upon a negligence theory. He argues that it would be futile to allow Plaintiff to amend his complaint to add this claim because the alleged acts do not describe acts or omissions properly characterized as negligence, but rather are properly characterized as intentional torts. Plaintiff's proposed claim would thus be barred by the one-year statute of limitations applicable to actions for intentional torts such as assault and battery set forth in K.S.A. 60-514(b). Defendant argues that for purposes of determining which statute of limitations applies, the nature of a state law claim should be determined by the substance of the facts alleged. Defendant asserts that Plaintiff's allegations do not describe acts or omissions properly characterized as negligence and cites to the Kansas Supreme Court's opinion, *Baska v. Scherzer*[12] and an unpublished Kansas Court of Appeals decision, *Cooper v. Hester*.[13]

---

[10] *Anderson*, 499 F.3d at 1232.

[11] *See Cook v. Olathe Health Sys., Inc.*, No. 10-CV-2133-KHV-DJW, 2010 WL 5479686, at *2 (D. Kan. Dec. 30, 2010) (denying motion to amend complaint as futile to extent it sought to add claims barred by applicable statute of limitations); *Lewis v. Wheeles*, No. 08-4025-JAR, 2008 WL 2944903, at *1–2 (D. Kan. July 28, 2008) (denying motion to amend complaint because proposed claim would be barred by applicable statute of limitations).

[12] *Baska v. Scherzer*, 156 P.3d 617, 633 (Kan. 2007).

[13] *Cooper v. Hester*, No. 66,679, 1992 Kan. App. LEXIS 315 (Kan. Ct. App. Apr. 3, 1992).

Plaintiff argues that he is properly asserting a state law excessive force claim based on negligence; thus, the Kansas two-year statute of limitations for negligence actions applies and the amendment is not futile. Plaintiff further argues that the federal district court, in *Clark v. Thomas*,[14] recognized an excessive force–negligence claim, citing to the Kansas Supreme Court opinion, *Dauffenbach v. City of Wichita*,[15] for the standard for this type of claim. Plaintiff argues that Defendant's use of unreasonable force is tantamount to negligence and subjects Defendant to liability under Kansas state law. Plaintiff further argues that, though police officers may be immune from liability on claims arising from performance of their general duties, liability may arise where an affirmative act of the officer causes injury. Plaintiff also argues that Defendant has improperly raised a statute of limitations affirmative defense in opposing the motion for leave to amend the complaint, and it is improper for the Court to consider this affirmative defense in ruling on his motion to amend.

In evaluating whether the proposed amendment is futile, the Court must accept all Plaintiff's well pleaded allegations in his amended pleading as true. Plaintiff makes the following allegations in his proposed First Amended Complaint:

> The defendant officer possessed a duty to [Plaintiff] not to use excessive or unreasonable force against him.
>
> While in the course of his employment as a Wichita Police Department Officer, the defendant officer breached his duty to [Plaintiff] and used excessive or unreasonable force while arresting him.
>
> The defendant officer did not have discretion to use unreasonable or excessive force on [Plaintiff]. . . .

---

[14] *Clark v. Thomas*, 505 F. Supp. 2d 884, 890-91 (D. Kan. 2007).

[15] *Dauffenbach v. City of Wichita*, 667 P.2d 380, 385 (Kan. 1983).

>As a direct and proximate result of the defendant officer's breach of duty during the course of his employment, he caused Plaintiff to suffer injuries.[16]

To state a claim of negligence under Kansas law, a plaintiff must show (1) the existence of a duty on the defendant, (2) a causal connection between the breach of such duty and plaintiff's injury, and (3) damage from defendant's negligence.[17] Here, Plaintiff has pled all the elements of a negligence claim in his proposed First Amended Complaint.

Defendant cites an unpublished Kansas Court of Appeals case, *Cooper v. Hester*, for the proposition that the statute of limitations of a particular claim is determined by the pleadings and substance of the facts alleged.[18] The *Cooper* case, however, does not support Defendant's position that Plaintiff's proposed state law excessive force claim is subject to the one-year statute of limitations applicable to a battery claim. In *Cooper*, the plaintiff was arrested during a traffic stop after the Kansas Department of Revenue ("KDR") mistakenly informed the arresting officer that the plaintiff's license was suspended.[19] The court of appeals upheld the dismissal of plaintiff's negligence claim against the arresting officer because the plaintiff had alleged a false arrest claim against the officer and Kansas recognizes false arrest claims under the tort of false imprisonment, rather than negligence.[20] The court of appeals, however, reversed the district court's dismissal of the plaintiff's negligence claim against the KDR and held that the plaintiff properly alleged the elements

---

[16] Proposed First Am. Compl. (ECF No. 9-1) ¶¶ 29-31, 33.

[17] *Woodruff v. City of Ottawa*, 951 P.2d 953, 954 (Kan. 1997).

[18] *Cooper*, 1992 Kan. App. LEXIS 315.

[19] *Id.* at *2.

[20] *Id.* at *13-14.

of a negligence claim against the KDR for its alleged record keeping errors.[21] In the present case, Plaintiff has pled the elements of a negligence claim. He alleges in his First Amended Complaint that Defendant had a duty to not use excessive or unreasonable force, breached that duty by using unreasonable or excessive force while arresting him, and as a direct and proximate result caused Plaintiff's injuries. As Plaintiff has pled all the elements of a negligence claim in his proposed claim for "Negligence—Use of Force," the applicable statute of limitations is two years, as set forth in K.S.A. 60-513(a)(4).[22]

Defendant further cites in his Notice of Supplemental Authority (ECF No. 17) the federal district court case, *Estate of Fuentes ex rel. Fuentes v. Thomas*, for the proposition that an excessive force claim is distinct from a negligence claim.[23] This case, however, does not support Defendant's futility argument here because the court in *Fuentes* did not determine which statute of limitations applied to the state law claim based on force used by a police officer.

The Court finds that Defendant has failed to meet his burden to establish that it would be futile to allow Plaintiff to amend his complaint to assert a state law negligence claim based on unreasonable use of force by a police officer. As Plaintiff has pled the elements of a negligence claim in his proposed Count 2 for "Negligence—Use of Force" claim, the two-year statute of limitations for negligence actions would apply to his proposed claim.

---

[21]*Id.* at *12.

[22]*See* K.S.A. 60-513(a)(4) ("The following actions shall be brought within two years: . . . (4) An action for injury to the rights of another, not arising on contract, and not herein enumerated.").

[23]*Estate of Fuentes*, 107 F. Supp. 2d at 1305.

## IV. Relation Back of Amendment

Plaintiff also requests that the Court deem his First Amended Complaint to be filed February 22, 2013, the date he filed his motion for leave to file his first amended complaint. The Court need not deem Plaintiff's First Amended Complaint to be filed a date different from the date Plaintiff actually files it because the Court finds the amendment would relate back to the date of Plaintiff's original complaint.

Federal Rule of Civil Procedure 15(c)(1) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out– in the original pleading." This provision is intended to give the defendant "fair notice that the litigation is arising out of a specific factual situation."[24] A claim in an amended pleading will not relate back to a previous pleading unless the previous pleading fairly gave the defendant notice of the later-asserted claim.[25] When an amendment is based on different facts, transactions, and occurrences, a claim in an amended pleading will not relate back.[26]

In this case, Plaintiff's proposed state law claims are based on the same set of facts alleged in his original complaint. Plaintiff's state law claims asserted in its proposed First Amended Complaint thus arise from the same "conduct, transaction, or occurrence" set out in the original

---

[24]*Reed v. Entercom Commc'ns Corp.*, No. 04-2603-CM, 2006 WL 1174023, at *1 (D. Kan. Apr. 28, 2006).

[25]*Id.*

[26]*Id.*

pleading under Rule 15(c)(1)(B). Plaintiff also stated in his original complaint that he would seek leave to amend his complaint to add state law claims under the KTCA after the 120 day statutory period required by K.S.A. 12-105b. Plaintiff's previous complaint thus fairly gave Defendant notice of the later-asserted claims. The Court therefore finds that Plaintiff's amendment to his complaint relates back to the date of his original complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 9) is granted. Plaintiff shall electronically file his First Amended Complaint within seven (7) days of the date of this Order.

**IT IS FURTHER ORDERED THAT** pursuant to Fed. R. Civ. P. 15(c)(1) the new state law claims set forth in Plaintiff's First Amended Complaint relate back to the date of the filing of the original Complaint.

Dated this 8th day of July, 2013, at Kansas City, Kansas.

S/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge