IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LENNON PRICE,

                Plaintiff,

v.                                    Case No. 12-1432-CM-DJW

CITY OF WICHITA, and
CITY OF WICHITA POLICE
DEPARTMENT OFFICER
MARK McKEE, Individually and
in his Official Capacity,

                Defendants.

## ORDER AMENDING DECEMBER 20, 2013 MEMORANDUM AND ORDER

Defendant City of Wichita and former defendant Office Mark McKee have filed a Motion to Reconsider (ECF No. 76). They request the Court reconsider a portion of its December 20, 2013 Memorandum and Order granting Plaintiff's motion to substitute party. Defendants move the Court to reconsider its statement that a clarification made by Officer McKee to his deposition testimony via an errata sheet was "suspect." They assert that the comment creates a potential *Giglio*[1] issue for Officer McKee and may compromise his effectiveness as a witness in future criminal prosecutions. They ask the Court to reconsider these remarks in its order, retract them, and make clear that there is no evidence to support the notion that McKee's corrections were "suspect" or otherwise the product of any dishonesty or bad faith on his part.

Plaintiff has filed a Response (ECF No. 80) stating that he does not oppose Defendant's motion to the extent it only requests a modification of the Court's language in its Memorandum and Order and does not seek to change the ruling on his motion to substitute. Plaintiff further joins in

---

[1]*See Giglio v. United States*, 405 U.S. 150 (1972) (the government is obliged to provide exculpatory and impeachment materials to criminal defendants).

asking the Court to modify its language to avoid the possibility for any unjust consequences on Officer McKee's ability to perform his job as a police officer.

Although Defendants title their motion as a "Motion to Reconsider," they are not seeking reconsideration of the Court's underlying substantive ruling with respect to substitution of McKee, but only a sentence of the opinion discussing McKee's second errata sheet correction. Specifically, Defendants object to the section of the Memorandum and Order discussing whether the party to be substituted had received notice of the action, wherein the Court stated that it found McKee's one-word explanation for the material change to his deposition testimony to be "suspect." Because Defendants are not seeking reconsideration of the Court's decision on the motion, the Court thus construes the motion as an unopposed request to amend or clarify a sentence of the Court's December 20, 2013 Memorandum and Order. Defendants have explained the Court's usage of the term "suspect" in its Memorandum and Order may create *Giglio* issues for Officer McKee in future unrelated criminal proceedings in which he may be a witness or investigator. The Court will therefore amend its December 20, 2013 Memorandum and Order (ECF No. 72) to remove this sentence.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Reconsider (ECF No. 76) is construed as a motion to amend or clarify the Court's December 20, 2013 Memorandum and Order and GRANTED. An Amended Memorandum and Order will be entered forthwith to reflect this amendment.

**IT IS FURTHER ORDERED THAT** the clarification reflected in the Amended Memorandum and Order does not change the Court's ruling allowing the substitution of defendant McKee.

**IT IS SO ORDERED.**

Dated this 27th day of January, 2014, at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge
